**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGUS CHEN, on behalf of himself and a class and collective of similarly situated individuals,<br><br>    Plaintiff,<br><br>    – against –<br><br>A & L OF NY CORP d/b/a IZAKAYA TORIBAR, and SCOTT LEE, FRANK AHN, AND JOHN DOE AHN, in their individual and professional capacities,<br><br>    Defendants. | Civil Action No. 22 Civ. 3139<br><br>**COMPLAINT**<br><br><u>**Jury Trial Demanded**</u> |

Plaintiff Angus Chen ("Plaintiff"), on behalf of himself and all other similarly situated individuals, by and through his undersigned counsel Rahman Law P.C., as and for his Complaint in this action against Defendants A & L NY Corp d/b/a Izakaya Toribar ("Corporate Defendant"), Scott Lee, Frank Ahn, and John Doe Ahn (the "Individual Defendants") (Corporate Defendant and the Individual Defendants are collectively referred to herein as "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1.    Grub Street, New York Magazine's food and restaurant blog, recently listed Izakaya Toribar as one of the "11 Excellent Things to Eat, Drink, and Do in New York City."[1] Unfortunately, when it comes to lawfully paying employees the wages they are owed, the busy midtown Japanese restaurant's record has been anything but "excellent."

---

[1]    https://www.grubstreet.com/2020/02/the-grub-street-food-agenda-in-march.html

2.      Rather, the owners of Izakaya Toribar have engaged in a scheme that can be described as nothing short of wage theft.  Simply put, the Restaurant steals between 20% and 30% of the hourly wages and tips earned by service employees, purportedly as a "tax."

3.      Incredibly, the Restaurant tells its staff that they are being benefitted by this "tax" since the Restaurant pays them "off-the-books," and thus does not subject their wages to tax and other withholdings which would otherwise exceed 20-30%.

4.      However, the only party that benefits from this "tax" are Defendants who have lined their pockets with their staff's hard-earned money for years.

5.      Remarkably, Defendants carry out this unlawful scheme brazenly and out in the open.  In fact, as discussed below, Defendants even document this practice every week on employee tip sheets.

6.      This lawsuit seeks to put an end to this and other unlawful practices perpetrated by Defendants which have deprived the Restaurant's service staff of hundreds of thousands, if not millions, of dollars in hard-earned wages, and to provide redress to those whose wages have been unlawfully pilfered.

7.      Plaintiff Angus Chen is one such victim.  He is a former service employee at Izakaya Toribar and, as described below, brings this class and collective action on behalf of himself and all similar-situated service employees who were or are subjected to the same unlawful wage practices by Defendants.

## NATURE OF THE CLAIMS

8.      As described below, Defendants subjected Plaintiff, who worked as a Server, and other similarly-situated employees at Izakaya Toribar to numerous violations of federal and state laws during their employment, including: (a) failure to pay minimum wages in violation of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL"), § 650 *et seq.*; (b) failure to pay overtime wages in violation of the FLSA § 207 and NYLL § 650 *et seq.*; (c) illegal retention of employee gratuities in violation of NYLL § 196-d; (d) failure to provide "Spread of Hours" compensation in violation of New York Compilation of Codes, Rules and Regulations (N.Y.C.R.R.) Title 12, Part 146; (e) failure to pay for all hours worked in violation of NYLL § 191; (f) making unlawful wage deductions in violation of NYLL § 193; (g) failure to provide wage notices in violation of NYLL §§ 195(1) and (2); and (h) failure to provide wage statements in violation of NYLL § 195(3).

9.     Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated persons who were employed by Defendants as "Service/Front of the House ("FOH") Staff, including, but not limited to, Servers, Bussers, and other similar 'tipped' positions" during the applicable limitations period (the "FLSA Collective Period").  Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

10.     Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of himself and on behalf of all other similarly situated persons who were employed by Defendants as "Service/FOH Staff, including, but not limited to, Servers, Bussers or similar 'tipped' positions" during the applicable limitations period (the "NYLL Class Period").  Plaintiff and all other such similarly situated persons are jointly referred to herein as the "NYLL Class."

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's, the FLSA Collective's,

and the NYLL Class's rights under the FLSA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367(a).

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district, namely Manhattan, New York.

## **PARTIES**

13.     Plaintiff Angus Chen is an adult resident of the state of New York and was employed by Defendants as a Server at Izakaya Toribar from September 2021 to January 2022. At all relevant times, Mr. Chen was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a Plaintiff in this action executed by Plaintiff will be filed with the Court.

14.     Defendant A & L of NY Corp d/b/a/ Izakaya Toribar is a New York corporation, with a service of process address of 164 East 56th Street, New York, NY 10022.  Izakaya Toribar is a Japanese restaurant located at 164 East 56th Street, New York, NY 10022.  At all relevant times, Defendant A & L of NY Corp was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

15.     Defendant Scott Lee is a co-owner of Izakaya Toribar and, upon information and belief, an adult resident of the state of New York.  Mr. Lee exercises sufficient control of Izakaya Toribar's day-to-day operations, including, but not limited to, how employees are paid, to be considered an "employer" within the meaning of all applicable statutes.

16.     Defendant Frank Ahn is a co-owner of Izakaya Toribar and, upon information and belief, an adult resident of the state of New York.  Mr. Ahn exercises sufficient control of

4

Izakaya Toribar's day-to-day operations, including, but not limited to, how employees are paid, to be considered an "employer" within the meaning of all applicable statutes.

17.    Defendant John Doe Ahn, who goes by "Chef Ahn," is a co-owner of Izakaya Toribar and, upon information and belief, an adult resident of the state of New York.  Mr. John Doe Ahn exercises sufficient control of Izakaya Toribar's day-to-day operations, including, but not limited to, how employees are paid, to be considered an "employer" within the meaning of all applicable statutes.

18.    When Plaintiff obtains information from Defendants that identify John Doe Ahn's legal name, Plaintiff will seek leave to amend the caption of this action to identify John Doe Ahn by his legal name.

## FACTUAL ALLEGATIONS

### Minimum Wage and Unlawful Deduction Violations

19.    Defendants were/are permitted, under the FLSA and NYLL, to pay certain tipped employees at a statutory hourly rate that is less than the standard hourly minimum wage rate so long as the "tips" or "gratuities" that such tipped employee is expected to receive, when added to the hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips received by the employees are retained by the employee, and no portion of the tips are retained by Defendants or given to employees in non-tipped positions.

20.    However, Defendants were not entitled to avail themselves of the reduced minimum wage by applying the tip credit allowance for Plaintiff, the FLSA Collective and the NYLL Class, because Defendants would siphon off and retain either 20% or 30% of the credit card tips earned each night by Service/FOH staff.  Specifically, Defendants would retain 30% of

the credit card tips earned by Service/FOH Staff who were undergoing training and/or did not have work permits and 20% from all other Service/FOH Staff.

21.     Defendants would also unlawfully deduct 4% from the credit card tips earned by Service/FOH Staff purportedly to offset service fees charged by credit card companies. However, the service fees charged by credit card companies were, in actuality, far less than 4%, resulting in Defendants' unlawful retention of gratuities

22.     As such, Defendants were obligated to pay Plaintiff, the FLSA Collective, and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through application of a tip credit.

23.     Not only did Defendants misappropriate either 20% or 30% of the gratuities earned by Service/FOH Staff, but Defendants also unlawfully deducted 20% or 30% from the hourly wages paid to Plaintiff, the FLSA Collective, and the NYLL Class, resulting in them receiving less than even the reduced minimum wage.  Specifically, like the system Defendants used to determine how much in gratuities to steal from each employee, Defendants also misappropriated 30% of the hourly wages earned by Service/FOH Staff who were undergoing training and/or did not have work permits and 20% from all other Service/FOH Staff.

24.     Incredibly, Defendants did not hide their practice of misappropriating 20% or 30% of Service/FOH Staff's wages and gratuities but would document the amounts they siphoned off each week on employees' "Timesheet/Tip Pool" sheets.

25.     In fact, attached hereto as Exhibit A are Plaintiff's "Timesheet/Tip Pool" sheets documenting the wages and tips he earned in the weeks of November 15, 2021, November 22, 2021, December 27, 2021, January 3, 2022, and January 10, 2022, which clearly show, on the

very far right-hand side, how Defendants systematically reduced and retained Plaintiff's hourly wage earnings and credit cards tips earned by 30% each week.

26.     As a result of the above unlawful practices, Plaintiff, the FLSA Collective, and NYLL Class were not paid minimum wages, in violation of the FLSA and NYLL, and had their wages unlawfully deducted, in violation of NYLL § 193.

**New York Labor Law § 196-d Violations**

27.     As alleged above, during Plaintiff's employment and at all relevant times during the NYLL Class Period, Defendants unlawfully retained as much as 30% of the credit card tips that were earned by and owed to Plaintiff and other members of the NYLL Class, in violation of NYLL § 196-d.

28.     As such, Defendants are required to disgorge and pay back all the gratuities they unlawfully retained to Plaintiff and the NYLL Class, along with liquidated damages and interest.

**"Off-the-Clock" Work**

29.     During Plaintiff's employment and the FLSA Collective Period and NYLL Class Period, Defendants required or caused Plaintiff and members of the FLSA Collective and NYLL Class to continue working after the restaurant closed but would not pay them for this additional work.  For instance, if the Restaurant's closing time was 1:00am but there were still customers seated at tables, Defendants would not pay Plaintiff, the FLSA Collective, and the NYLL Class wages for any work performed after 1:00am.

30.     As a result of this "off-the-clock" work, Defendants unlawfully failed to pay Plaintiff, the FLSA Collective, and the NYLL Class minimum wages in violation of the FLSA and NYLL, overtime wages in violation of the FLSA and NYLL, and straight time wages for all hours worked in violation of NYLL § 191(1)(a)(i).

**"Spread of Hours" Violations**

31.     Defendants also failed to pay Plaintiff and the members of the NYLL Class their proper "Spread of Hours" pay as required under New York law.

32.     Specifically, Defendants were required to pay Plaintiff and the NYLL Class an extra hour of wages at the minimum wage rate if an employee's shift or shifts spanned more than ten hours in a single day.

33.     However, Defendants failed to comply with the requirement to compensate Plaintiff and the NYLL Class with an extra hour of wages at the minimum wage rate when they worked more than ten hours in a single day.

**Wage Notice and Wage Statement Violations**

34.     Defendants also failed to provide Plaintiff and members of the NYLL Class wage notices as required by NYLL §§ 195(1) and (2) at the time of their hiring or when any changes to the information required in the wage notices took place.

35.     Accordingly, by failing to comply with their wage notice requirements, Defendants owe Plaintiff and the NYLL Class $50 per day for every day such notice was not provided, up to $5,000 per employee.

36.     In addition, Defendants failed to furnish Plaintiff and members of the NYLL Class with wage statements, *i.e.*, pay stubs, that included, *inter alia*, the dates of work covered by that payment of wages, name of employer, rate or rates of pay and basis thereof, hours worked, and any minimum wage allowances that were applied.

37.     By failing to furnish wage statements, Defendants owe Plaintiff and the NYLL Class $250 for each violation, up to $5,000 per employee

## FLSA COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings his FLSA claims as a collective action on behalf of himself and on behalf of all other similarly situated persons who were employed by Defendants as "Service/Front of House Staff, including, but not limited to, Servers, Bussers, or other similar service 'tipped' positions during the FLSA Collective Period."

39.     At all relevant times, Plaintiff and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendants' failure to pay them at the legally required minimum wage for all hours worked and overtime wages for hours worked over 40 in a week.

40.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

41.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked and violated 29 U.S.C. § 207 by not paying Plaintiff and the FLSA Collective overtime wages for hours worked over 40 in a week.

42.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

43.     While the exact number of the FLSA Collective is unknown to Plaintiff at the present time, upon information and belief, there are more than 40 other similarly situated

persons who were employed by Defendants as "Service/Front of House Staff, including, but not limited to, Servers, Bussers, or other similar service 'tipped' positions during the FLSA Collective Period."

## RULE 23 CLASS ACTION ALLEGATIONS

44.    Plaintiff brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all other similarly situated persons who were employed by Defendants as "Service/Front of House Staff, including, but not limited to, Servers, Bussers, or other similar service 'tipped' positions during the NYLL Class Period."

45.    Plaintiff alleges that he and other NYLL Class Members were/are: (i) not paid the prevailing minimum wage for all hours worked; (ii) not paid overtime wages for all hours worked over 40 hours in a week; (iii) unlawfully denied gratuities; (iv) not paid wages for all hours worked; (v) not paid "Spread of Hours" pay; (vi) subjected to unlawful wage deductions; (vii) not provided with wage notices; and (viii) not furnished with wage statements.

46.    The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiff, and the NYLL Class were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

47.    Defendants subjected both the NYLL Class and Plaintiff, to the same unlawful policies, plans and practices, including not paying the prevailing minimum wage for all hours worked or overtime wages for hours worked over 40 in a week, retaining gratuities, not paying for all hours worked, not paying "Spread of Hours" pay, making unlawful wage deductions, and not furnishing wage notices or wage statements.

48.    During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the applicable provisions of the NYLL and/or its regulations.

49.    As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the prevailing minimum wage for all hours worked or overtime wages for hours worked over 40 in a week, retaining gratuities, not paying for all hours worked, not paying "Spread of Hours" pay, making unlawful wage deductions, and not furnishing wage notices or wage statements.

50.    As a result of Defendants' conduct, Defendants are liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wage, unpaid overtime wages, the amount of gratuities retained by Defendants, wages for all hours worked, "Spread of Hours" pay, disgorgement of all unlawful wage deductions taken, penalties for failing to issue notices up to $5,000 per person, and penalties for failing to furnish wage notices of up to $5,000 per person, plus additional amounts (where applicable) in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

51.    Certification of the NYLL Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class.  Plaintiff has standing to seek such relief because of the adverse effects that Defendants' unlawful compensation policies and practices have had on him individually and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is

the most efficient and judicious means of presenting the evidence and arguments necessary to

resolve such questions for Plaintiff, the NYLL Class, and Defendants.

52.     Plaintiff's claims raise questions of law and fact common to the NYLL Class.

Among these questions are:

- Whether Defendants employed Plaintiff and the NYLL Class Members within the meaning of the NYLL;

- Whether Defendants paid Plaintiff and the NYLL Class Members the federal and state minimum wage for all hours worked during the NYLL Class Period;

- Whether Defendants paid Plaintiff and the NYLL Class Members overtime wages for all hours worked over 40 in a workweek;

- Whether Defendants' failure to pay the prevailing minimum wage or overtime wages constitute violations of the FLSA or NYLL;

- At what common rate, or rates subject to common methods of calculation, were Defendants required to pay Plaintiff and the Class Members for their work;

- Whether Defendants illegally retained Plaintiff's and the NYLL Class Members' tips;

- Whether Defendants failed to pay Plaintiff and the NYLL Class wages for all hours worked;

- Whether Defendants unlawfully failed to pay Plaintiff and the NYLL Class "Spread of Hours" pay;

- Whether Defendants made unlawful wage deductions from the hourly wages of Plaintiff and the NYLL Class;

- Whether Defendants failed to issue Plaintiff and the NYLL Class wage notices in violation of the NYLL;

- Whether Defendants failed to furnish Plaintiff and the NYLL Class with wage statements in violation of the NYLL; and

- Whether Defendants' violations of the FLSA and NYLL and/or their regulations were willful.

53.     These common questions of law and fact arise from the same course of events, and each Class Member will make similar legal and factual arguments to prove liability.

54.     Plaintiff is a member of the NYLL Class that he seeks to represent.  Plaintiff's claims are typical of the claims of the NYLL Class.  The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

55.     Plaintiff's interests are co-extensive with those of the NYLL Class that he seeks to represent in this case.  Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.  Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of the representation requirement of Fed. R. Civ. P. 23(a)(4).

56.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class.

57.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

58.     The common issues of law and fact affecting Plaintiff's claims and those of the NYLL Class Members, including the common issues identified above, predominate over any issues affecting only individual claims.

59.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

60.     The cost of proving Defendants' violations of the NYLL and the supporting regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each Class Member makes similar legal and factual arguments to prove Defendants' liability.

61.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are more than 40 similarly situated persons who were/are employed by Defendants as "Service/Front of House Staff, including, but not limited to Servers. Bussers, or other similar 'tipped' positions during the NYLL Class Period."

## <u>FIRST CLAIM FOR RELIEF</u>
### (Failure to Pay Minimum Wages in Violation of the FLSA)

62.     Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs relevant to their minimum wage violation claims as if they were set forth again herein.

63.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

64.     During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

65.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

66.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

67.     Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages in Violation of the FLSA)

68.     Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

69.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime wages under the FLSA.

70.     During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective overtime wages for all hours worked over 40 in a week for Defendants.

71.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime wages for all hours worked over 40 in a workweek, Defendants violated the FLSA.

72.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

73.     Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

<div align="center">

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage in Violation of the NYLL)**

</div>

74.     Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to his minimum wage claims as if they were set forth again herein.

75.      The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

76.     During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

77.      As a result of Defendants' failure to pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

78.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

79.      Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wages, an additional amount in liquidated damages, interest, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages in Violation of the NYLL)**

80.    Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

81.    The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week.  Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them overtime wages under the NYLL.

82.    During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class overtime wages for all hours worked over 40 in a week for Defendants.

83.    As a result of Defendants' failure to pay Plaintiff and the NYLL Class overtime wages for all hours worked over 40 in a workweek, Defendants violated the NYLL.

84.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

85.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(Illegal Retention of Gratuities)**

86.    Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to their claim for illegal retention of gratuities as if they were set forth again herein.

87.    Plaintiff and the NYLL Class Members were employed by Defendants within the meaning of NYLL §§ 2 and 651.

88.     NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

89.     During the NYLL Period, Defendants unlawfully retained gratuities from Plaintiff and the NYLL Class of up to 30% of credit card tips earned, in violation of NYLL § 196-d.

90.     Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are entitled to recover from Defendants the amount of unlawfully retained gratuities, liquidated damages, interest, and attorneys' fees and costs.

<div align="center">

**SIXTH CLAIM FOR RELIEF**
**(Failure to Pay Wages for All Hours Worked/Straight Time Wages)**

</div>

91.     Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to their claim for failure to pay wages for all hours worked as if they were set forth again herein.

92.     NYLL § 191(1)(a) requires employers to pay wages to manual workers like Plaintiff and the NYLL Class on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.

93.     During the NYLL Period, Defendants unlawfully failed to pay wages to Plaintiff and the NYLL for all hours worked, *i.e.*, straight time wages, no later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191(1)(a).

94.     Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are entitled to recover from Defendants the amount of unpaid straight time wages, liquidated damages, interest, and attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
### (Spread of Hours Pay Violation)

95.     Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to their Spread of Hours pay claims as if they were set forth again herein.

96.     During the NYLL Period, Plaintiff and members of the NYLL Class worked more than ten hours in a workday.

97.     Defendants failed to fully compensate Plaintiff and members of the NYLL Class one hour's pay at the basic minimum hourly wage rate, as required by New York law.

98.     Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are entitled to recover from Defendants the Spread of Hours underpayment, liquidated damages, interest, and attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
### (Unlawful Wage Deductions)

99.     Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to their unlawful wage deductions claim as if they were set forth again herein.

100.    During the NYLL Period, Defendants made deductions from the wages of Plaintiff and members of the NYLL Class that were not made in accordance with the provisions of any law or rule or regulations issued by any governmental agency or expressly authorized by and for the benefit of Plaintiff and the NYLL Class, in violation of NYLL § 193.

101.    Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are entitled to recover from Defendants the amount in deductions unlawfully taken from their wages, liquidated damages, interest, and attorneys' fees and costs.

## NINTH CLAIM FOR RELIEF
### (Failure to Issue Wage Notices)

102.    Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to their claim for failure to issue wage notices as if they were set forth again herein.

103.    NYLL §§ 195(1) and (2) require employers to issue wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

104.    During the NYLL Period, Defendants unlawfully failed to issue wage notices to Plaintiff and the NYLL Class.

105.    Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are each entitled to $50 per day for every day such wage notice was not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## TENTH CLAIM FOR RELIEF
### (Failure to Furnish Wage Statements/Pay Stubs)

106.    Plaintiff, on behalf of himself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs relevant to their claim for failure to furnish wage statements as if they were set forth again herein.

107.    NYLL § 195(3) requires employers to furnish employees with wage statements, *i.e.*, pay stubs, that include, *inter alia*, the dates of work covered by that payment of wages, name of employer, rate or rates of pay and basis thereof, hours worked, and any minimum wage allowances that are applied.

108.    During the NYLL Period, Defendants unlawfully failed to issue wage statements to Plaintiff and the NYLL Class.

20

109.    Due to Defendants' NYLL violations, Plaintiff and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective and the NYLL Class, respectfully request that the Court:

A.      Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.      Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.      Designate Plaintiff as representative of the NYLL Class, and his counsel of record as class counsel;

G.      Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiff and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I.       Award Plaintiff, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J.      Grant Plaintiff, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of himself and on behalf of all other similarly situated persons, hereby

demands a trial by jury on all issues of fact and damages.

Dated:  April 15, 2022
        New York, New York

<div style="margin-left:40%">

Respectfully submitted,

**RAHMAN LAW P.C.**

By: _____
     Tanvir H. Rahman

477 Madison Avenue, 6th Floor
New York, New York 10022
T: 212.920.4096 | F. 347.467.4142
thr@rahmanlawyer.com

*Counsel for Plaintiff, the FLSA Collective,
and the NYLL Class*

</div>