| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 12/5/2022 |
| ANGUS CHEN, *on behalf of himself and a class and collective of similarly situated individuals*,<br><br>                                Plaintiff,<br><br>-against-<br><br>A & L OF NY CORP d/b/a IZAKAYA TORIBAR, SCOTT LEE, and FRANK AHN,<br><br>                                Defendants. | 1:22-cv-03139-MKV<br><br>**ORDER** |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff filed this action against his former employer, a restaurant located in midtown Manhattan, alleging that the restaurant engaged in "wage theft" by "steal[ing] between 20% and 30% of the hourly wages and tips earned by service employees," among other violations. Complaint at ¶ 2 [ECF No. 1] ("Compl."). The complaint asserted a purported collective action claim for violations of the Fair Labor Standards Act ("FLSA") and purported class action claims under the New York Labor Law ("NYLL"). Compl. ¶¶ 8–10.

On October 12, 2022, Plaintiff's counsel informed the Court that the parties had reached a settlement. *See* Notice of Settlement [ECF No. 23]. Only after the Court ordered the parties to file a joint letter with sufficient information to enable the Court to evaluate whether the settlement was fair and reasonable as required by *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015), the parties filed a joint letter summarizing the terms of the settlement and providing supporting documentation. *See* Order [ECF No. 24]; Letter to Approve FLSA Settlement [ECF No. 26] ("Letter"). The proposed settlement requires Defendants to pay a total amount of $24,000. *See* Proposed Settlement Agreement 1 [ECF No. 26-1] ("PSA"). Plaintiff will receive $10,000 of

1

that amount, and the remaining $14,000 will be distributed to Plaintiff's counsel as attorney's fees and litigation costs.[1]  PSA 2.[2]

For the reasons discussed below, the Court is unable to conclude at this time that the settlement is fair and reasonable.  Accordingly, approval of the settlement is DENIED without prejudice.

## DISCUSSION

"[P]arties cannot privately settle FLSA claims . . . absent the approval of the district court or the Department of Labor."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks*, 796 F.3d at 200).  Accordingly, district courts "routinely review FLSA settlements for fairness before approving any stipulated dismissal."  *Id.*  If attorney's fees and costs are included in the proposed settlement, district courts must also "separately assess" their reasonableness.  *Solis v. OrthoNet LLC*, No. 19-CV-4678 (VSB), 2021 WL 2678651, at *1 (S.D.N.Y. June 30, 2021) (quoting *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)).

After a careful review of the parties' proposed settlement, the Court has two principal concerns that prevent it from determining whether the settlement is fair and reasonable.  First, the Court does not have enough information evaluate Plaintiff's range of possible recovery.  Second, the Court is unable to determine whether the proposed attorney's fees are reasonable.

### I.   Plaintiff's Range of Possible Recovery

In assessing the fairness of an FLSA settlement, "the parties must provide the court with enough information to evaluate the bona fides of the dispute."  *Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-4997(AJN), 2016 WL 1626630, at *1 (S.D.N.Y. Apr. 21, 2016) (citation omitted).

---

[1] The parties explain in their Letter that $2,602 of the $14,000 reimburses Plaintiff's counsel for litigation costs, for which documentation is provided.  *See* Letter 7.  The proposed attorneys' fees are therefore $11,398.
[2] This is an individual settlement by the named Plaintiff only and abandons any purported collective and/or class claims.  PSA 2–3, 5.

2

Among other factors, district courts routinely consider "the plaintiff's range of possible recovery." *Fisher*, 948 F.3d at 600 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012)).

The parties do not provide the Court with enough information to assess Plaintiff's range of possible recovery. Plaintiff's counsel baldly asserts that the settlement amount represents "over 90% of Plaintiffs' potential recovery." Letter 4 (emphasis omitted). However, the parties' Letter *also* includes the following footnote:

> While Plaintiff has also alleged causes of action for failure to pay overtime wages, failure to pay wages for all hours worked/straight time wages (*i.e.*, for "off-the-clock" work), and for failure to pay spread of hours pay, these claims are arguably of *de minimis* value and thus were not included in Plaintiff's calculations of the total damages he may be able to recover from Defendants were he to prevail.

Letter 4 n.1. Because the parties omitted any potential range of recovery for these causes of action from their calculations and failed to detail the strengths or weaknesses of any of Plaintiff's claims, the Court does not have "enough information to evaluate the bona fides of the settlement." *Flores-Mendieta*, 2016 WL 1626630, at *2.

**II.     Attorney's Fees**

In evaluating FLSA settlement agreements providing for attorneys' fees, district courts have discretion in determining "whether to award attorneys' fees based on either the lodestar method or the percentage of the settlement fund." *Solis*, 2021 WL 2678651, at *1. The Court finds the proposed settlement questionable under either method.

First, starting with the percentage method, district courts "regularly approve attorneys' fees of up to one-third of the settlement amount in FLSA cases." *Id.*; *see also Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *4 (S.D.N.Y. Oct. 10, 2018). The Second Circuit has cautioned, however, that there is no "explicit percentage cap" or "limit on attorneys'

fees in FLSA actions," and instead, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Fisher*, 948 F.3d at 603, 606 (cleaned up).

The proposed settlement awards $14,000 to Plaintiff's counsel—58% of the total settlement fund. Even after subtracting the $2,602 in litigation costs included in this number, counsel will still receive approximately 48% of the settlement fund in fees. Although there is no "explicit percentage cap" on the amount counsel may receive in fees, this number still gives the Court "pause." *Fisher*, 948 F.3d at 606. The Court's hesitation is magnified by the fact that the retainer agreement executed by Plaintiff states that counsel would seek a contingency fee of only 33.33% of the gross recovery (plus costs). *See* Plaintiff's Retainer Agreement 1 [ECF No. 26-5]. The Court is further unable to evaluate whether "the degree of success obtained" by Plaintiff's counsel merits a fee beyond this contingency arrangement. *Fisher*, 948 F.3d at 606. For example, "none of the [other] 10 putative collective members opted into this action," despite Plaintiff's counsel's so-called "aggressiveness" in pursuing this action. Letter 5. Plaintiff's counsel also never moved to certify this action as a collective.

Second, the lodestar method leaves the Court's doubts unresolved. The lodestar method is often used "as a cross check" on the percentage method "to ensure the reasonableness of attorneys' fees." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019). The lodestar amount "is 'the product of a *reasonable* hourly rate and the *reasonable* number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (emphasis added)). "In this district, courts generally award experienced wage-and-hour attorneys between $300 and $400 per hour." *Hernandez v. Compass One, LLC*, No. 20-CV-7040 (LJL), 2021 WL 4925561, at *4 (S.D.N.Y. Oct. 21, 2021) (citation omitted).

4

Along with the Letter, Plaintiff's counsel, Tanvir Rahman, submitted detailed time records indicating that he spent 48.2 hours on this case. *See* Billing Records [ECF No. 26-2]. At a billable rate of $500 per hour, Plaintiff contends that the proposed settlement amount of $14,000 "represents a fraction of Plaintiff's counsel lodestar figure, which totals approximately $24,100." Letter 6.

Given the minimal work done by Plaintiff's counsel, it is not clear that the number of hours expended were warranted, appropriate, or reasonable. Moreover, at this stage, the Court is unable to determine whether Mr. Rahman's hourly rate is reasonable. *See Lazo*, 2019 WL 95638, at *2 (managing partner's hourly rate of $450 was "excessive" and $350 and $375 hourly rates for associates were "unreasonably high" where they had "been practicing law only [six years]"). Although the Letter asserts that Plaintiff's counsel is "experienced in wage-and-hour matters," Letter 5, and typically bills $750 per hour, *see* Sample Retainer [ECF No. 26-3], the parties fail to provide any information substantiating this so-called "experience," such as how long Mr. Rahman has practiced law, or whether he is a partner or associate at his firm. Particularly where, as here, the claimed rate is considerably higher than the typical hourly rate approved by courts in this District in this type of case, Plaintiff's counsel's self-serving assertions, standing alone, are insufficient.

## **CONCLUSION**

For the reasons explained above, the Court cannot approve the settlement as currently proposed. The Parties are hereby ORDERED to submit an amended request for judicial approval of the proposed settlement, with appropriate supporting detail and/or documents, on or before December 20, 2022.

**SO ORDERED.**

**Date: December 5, 2022**
      **New York, NY**

                                        **MARY KAY VYSKOCIL**
                                        **United States District Judge**