|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 1/4/2023 |

ANGUS CHEN, *on behalf of himself and a class and collective of similarly situated individuals*,

                      Plaintiff,

-against-

A & L OF NY CORP *doing business as* IZAKAYA TORIBAR, and SCOTT LEE, FRANK AHN, and JOHN DOE AHN, *in their individual and professional capacities*,

                      Defendant.

1:22-cv-03139-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff filed this action against his former employer, a restaurant located in midtown Manhattan, alleging that the restaurant engaged in "wage theft" by "steal[ing] between 20% and 30% of the hourly wages and tips earned by service employees," among other violations. Complaint at ¶ 2 [ECF No. 1] ("Compl."). The Complaint asserted a purported collective action claim for violations of the Fair Labor Standards Act ("FLSA") and purported class action claims under the New York Labor Law ("NYLL"). Compl. ¶¶ 8–10.

    On October 12, 2022, Plaintiff's counsel informed the Court that the parties had reached a settlement. *See* Notice of Settlement [ECF No. 23]. After the Court ordered the parties to file a joint letter with sufficient information to enable the Court to evaluate whether the settlement was fair and reasonable under *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015), the parties filed a joint letter summarizing the terms of the settlement and providing supporting documentation. *See* October 13 Order [ECF No. 24]; Letter to Approve FLSA Settlement [ECF No. 26] ("First Letter"). The proposed settlement required Defendants to pay a total amount of $24,000. *See* Proposed Settlement Agreement 1 [ECF No. 26-1] ("PSA"). Plaintiff would receive

$10,000 of that amount, and the remaining $14,000 would be distributed to Plaintiff's counsel ($11,398 in attorneys' fees + $2,602 in litigation costs). *See* First Letter 7; PSA 2.

On December 5, 2022, the Court issued an Order denying settlement approval and providing the parties with an opportunity to submit an amended request for judicial approval. *See* December 5 Order [ECF No. 27.] The Court explained that it was unable to conclude that the settlement was fair and reasonable for two principal reasons: first, the parties' materials did not give the Court enough information to evaluate Plaintiff's range of possible recovery; and second, the Court found the proposed attorneys' fees questionable under both the lodestar and percentage of the fund methods. In particular, the Court noted that counsel's requested fee award (after subtracting litigation costs) amounted to 48% of the settlement fund, significantly higher than the 33% agreed to by Plaintiff in his Retainer Agreement. *See* Plaintiff's Retainer Agreement 1 [ECF No. 26-5].

The parties filed a revised request for judicial approval and supporting documentation on December 20, 2022. *See* Letter to Approve FLSA Settlement [ECF No. 28] ("Second Letter"). The parties' revised submission amply addresses the Court's two concerns. First, the parties explain Plaintiff's range of possible recovery for several causes of action previously omitted from the parties' joint letter. *See* Second Letter 2–6. The Court is now therefore able to "evaluate the bona fides of the dispute." *Flores-Mendieta v. Bitefood Ltd.*, No. 15-CV-4997(AJN), 2016 WL 1626630, at *1 (S.D.N.Y. Apr. 21, 2016) (citation omitted).

Second, Plaintiff's counsel seeks a *reduced* award—now requesting only $10,602 ($8,000 in attorneys' fees + $2,602 in litigation costs), as opposed to $14,000 ($11,398 in attorneys' fees + $2,602 in litigation costs). *See* Second Letter 1, 7–10. The revised fee request ($8,000) represents one third of the total $24,000 settlement fund. The Court finds that this requested fee accords with

the percentage method, as district courts "regularly approve attorneys' fees of up to one-third of the settlement amount in FLSA cases." *Solis v. OrthoNet LLC*, No. 19-CV-4678 (VSB), 2021 WL 2678651, at *1 (S.D.N.Y. June 30, 2021); *see also Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *4 (S.D.N.Y. Oct. 10, 2018).

The proposed fee award similarly complies with the lodestar method. The lodestar amount "is 'the product of a *reasonable* hourly rate and the *reasonable* number of hours required by the case.'" *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (quoting *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (emphases added)). "In this district, courts generally award experienced wage-and-hour attorneys between $300 and $400 per hour." *Hernandez v. Compass One, LLC*, No. 20-CV-7040 (LJL), 2021 WL 4925561, at *4 (S.D.N.Y. Oct. 21, 2021) (citation omitted).

Plaintiff's counsel submitted detailed time records indicating that he spent 48.2 hours on this case. *See* Billing Records [ECF No. 26-2] ("Records"). Using a billable rate of $300 per hour,[1] the lodestar amount is $14,460, net of costs, resulting in a lodestar multiplier of 0.55. "Courts in this District have concluded that a multiplier no greater than 2 'should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.'" *Doe v. Solera Cap. LLC*, No. 18 CIV. 1769 (ER), 2021 WL 1725734, at *2 (S.D.N.Y. Mar. 3, 2021) (quoting *Lazo*, 2019 WL 95638, at *3). The lodestar multiplier here is significantly lower. Accordingly, the Court finds the revised fee request fair and reasonable.

---

[1] Plaintiff's counsel originally proposed using a billable rate of $500 per hour. *See* Records. In the parties' revised submission, counsel calculates his lodestar fee at $500, $400, and $300 per hour. *See* Second Letter 10. The Court uses the lowest fee proposed by counsel ($300) in its analysis.

The Court also approves the $2,602 requested in litigation costs.[2] *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (attorneys entitled to recover "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients").

A settlement of $24,000, with $8,000 devoted to attorneys' fees and $2,602 applied to litigation costs, is approved as fair and reasonable. The Court therefore ORDERS that this case be dismissed with prejudice. The Clerk of Court is respectfully requested to terminate all pending motions, adjourn any remaining dates, and to close this case.

**SO ORDERED.**

**Date: January 4, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[2] The two costs, for which receipts are submitted, are (i) a $402 filing fee paid to this Court and (ii) $2,200 expended to distribute notice to the putative collective members. *See* Expense Records [ECF No. 26-4].